## JOHN WALTER LARSEN AND ANOTHER v. PEOPLES STATE BANK OF BUTTERFIELD.[1]

April 14, 1927.

No. 25,896.

**Finding of fact on conflicting evidence.**
    1. Finding of fact on conflicting evidence confirmed.

**Finding of fact disregarded.**
    2. Finding of fact on an issue not made or litigated and involving, possibly, one who is not a party to the action, disregarded. It is not ordered stricken from the decision below because there was no motion to amend the findings.

    Appeal and Error, 3 C. J. p. 870 n. 10 New; 4 C. J. p. 883 n. 33; p. 884 n. 35; p. 900 n. 98, 99; p. 1057 n. 85.
    Trial, 38 Cyc. p. 1970 n. 3.

    See 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

Plaintiffs appealed from an order of the district court for Watonwan county, Comstock, J., denying their motion for a new trial. Affirmed.

*J. L. Lobben* and *J. W. Seager,* for appellants.
*Farmer & Tighe,* for respondent.

STONE, J.

Action in equity wherein judgment was ordered for defendant. The appeal is by plaintiffs from the order denying their motion for a new trial. They are indebted to defendant on several notes. The principal purpose of this action was to compel the application upon the indebtedness of the value, stated to be $1,650, of a new Scripps Booth automobile which plaintiffs claim to have sold defendant in 1921.

1. Plaintiff John Walter Larsen did give defendant a bill of sale of the machine but the latter avers that it was taken as security

[1]Reported in 213 N. W. 542.

for plaintiffs' indebtedness and that the machine remained in plaintiffs' possession and under their control and never became the property of defendant. The issue of fact so raised was found for defendant on conflicting evidence and there is so much proof in support of the finding that it cannot be disturbed here. It would serve no useful purpose even to summarize the evidence.

It is true that the findings of fact and conclusions of law are not responsive to all the issues made and actually litigated. The defendant, which has not appealed, seems as much prejudiced as plaintiffs. There was a motion for a new trial but none for amended findings, so, the decision as far as it goes seeming correct, there is no ground upon which there ought to be a reversal.

2.   There is, however, one challenged feature of the findings which requires attention. The fact is found that plaintiff John Walter Larsen placed the Scripps Booth automobile with one Ulvestad for storage and that some time later the machine was sold by Ulvestad to satisfy a lien for "storage and other charges." The findings proceed thus: "And thereby all interests of each of the parties hereto in said Scripps Booth five passenger car were foreclosed and terminated." There is no basis in this record for such a finding. The garageman, Ulvestad, who made the sale, is not a party to the action. The legality of the sale was not in issue. It is apparently the claim of plaintiffs that the sale was colorable and really in the interest of defendant. The sole effect of the judgment ordered will be to confirm the indebtedness of plaintiffs to defendant on the several notes involved. The sale of the automobile by Ulvestad took place after this action was commenced. Its validity and defendant's liability, if any, in connection therewith could well have been litigated in this case under supplemental pleadings but they were not. The issue, if there be one, as to whether the automobile has been converted by defendant, remains open. Defendant does not claim otherwise. We do not order the objectionable finding stricken simply because there was no motion to amend. But, obviously, it should be disregarded. It is not reflected by the order for judgment and will not be by the judgment itself.

Order affirmed.